■ Todd Welch Construction et al., Respondents, v Peregrine Partners, Appellant, et al., Defendants. [705 NYS2d 713] —Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 27, 1998 in Tompkins County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

In June 1994, Ralph Varn, Richard Varn and Rainer Saldsieder formed defendant Peregrine Partners (hereinafter defendant) "to acquire, subdivide, develop, sell, lease, mortgage, manage and finance the development of certain real property located [in Tompkins County] and to engage in any such pursuits or activities as may be necessary or appropriate or related or incidental to such activities". Pursuant to the terms of the partnership agreement, the Varns would conduct the day-to-day management of defendant until such time as Saldsieder, a German national, obtained the necessary visas to work in the United States.* These daily management responsibilities, in which the Varns shared equal decision making, included, *inter alia*, decisions as to whether defendant should mortgage any or all of its real property. On the same day that the partnership agreement was signed, Saldsieder executed a power of attorney appointing Ralph Varn as his attorney-in-fact.

Thereafter, defendant apparently encountered certain difficulties in developing the property in question and plaintiffs, contractors and materialmen, ultimately filed mechanics' liens against the property for the work performed and materials provided. In an effort to discharge the liens, defendant granted plaintiffs a mortgage on certain of the lots that it owned. The note and mortgage were signed by the Varns as general partners and by Ralph Varn as attorney-in-fact for Saldsieder. It apparently was anticipated that defendant would discharge the mortgage with the proceeds from the sales of the lots. Defendant's efforts in this regard proved unsuccessful and, in May 1998, plaintiffs commenced the instant foreclosure action.

* Although Saldsieder purportedly obtained such visa in October 1995, it appears that he and his spouse did not relocate to Tompkins County until 1997.

Following joinder of issue, plaintiffs moved for summary judgment and for the appointment of a Referee. Defendant opposed the requested relief and cross-moved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, granted plaintiffs' motion for summary judgment and appointed a Referee. This appeal by defendant ensued.

We affirm. The crux of defendant's argument on appeal is that the subject mortgage should be deemed void *ab initio* because it was procured through fraud and breach of fiduciary duty. Specifically, defendant contends that the relevant mechanics' liens were willfully overstated and did not represent work performed on defendant's behalf, that the mortgage was nothing more than an attempt to discharge the Varns' personal debts and, finally, that Ralph Varn exceeded the scope of the authority granted to him by Saldsieder through the executed power of attorney. Such arguments, in our view, are lacking in merit.

As a starting point, there is nothing in the record to suggest that the debts for which the mortgage was given were not actually defendant's debts. Nor is there any evidence to support defendant's conclusory assertion that the mortgage was willfully overstated. Simply stated, defendant's allegations of fraud cannot be sustained on this record.

Turning to the Varns' authority to grant the mortgage in the first instance, we agree with plaintiffs that any issues surrounding the scope of the power of attorney granted to Ralph Varn and whether he, in turn, exceeded his authority in this regard are irrelevant given the plain language of the partnership agreement. Pursuant to paragraphs 6.1 (a) and 6.1 (c) of the partnership agreement, and as noted previously, the decision to mortgage any or all of defendant's real property was one of the day-to-day management decisions entrusted to the Varns in Saldsieder's absence. Even assuming, without deciding, that Saldsieder indeed possessed the appropriate visa at the time that the note and mortgage were executed, thereby triggering the provisions of paragraph 6.1 (b) of the partnership agreement and entitling Saldsieder to equal decision-making authority and an equal vote in any managerial or operational decisions, the fact remains that a unanimous vote simply was not required to mortgage defendant's real property. As a review of paragraph 17 of the partnership agreement plainly reveals, the signature of any two partners was sufficient to bind defendant to any agreement, contract or mortgage.

In short, the record reveals that the Varns, as general

partners, were acting within the scope of the partnership agreement when they granted the subject mortgage. On this point, defendant acknowledges in its brief that plaintiffs "demonstrate[d] the facial validity of the subject mortgage and that the mortgage was objectively in default". Under such circumstances, and in the absence of any proof to support defendant's conclusory allegations of fraud, we conclude that defendant indeed is bound by the mortgage (*see generally*, *Bank Leumi Trust Co. v Luckey Platt Centre Assocs.*, 245 AD2d 622, 623-624). Defendant's remaining contentions, including its assertion that plaintiffs should have questioned the Varns' authority to act on defendant's behalf given the circumstances then existing and that plaintiffs' notice of appeal should be stricken for lack of a proper signature, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.